### FIRST DEPARTMENT, MAY, 1935.

WESTINGHOUSE ELECTRIC SUPPLY Co., INC., Respondent, v. CIRCLE PAINTING Co., INC., and Another, Defendants; THE CITY OF NEW YORK, Appellant, and STERLING NATIONAL BANK AND TRUST COMPANY OF NEW YORK and Another, Respondents.

PER CURIAM. In the absence of any showing of facts by the respondents that the sum of $4,293.80 remains unpaid under the contract with the city, the affidavits interposed by the city alleging that only $2,938.30 remains unpaid sufficiently raise an issue of fact in respect to the excess claimed to be due. The plaintiff and the defendant G. & G. Electric Supply Co., Inc., having consented to waive the excess of their aggregate claims, amounting to $2,992.54, over the amount concededly in the city's hands, the order appealed from should be modified to that extent, and as so modified affirmed, without costs. Since there is an issue of fact as to whether there is any excess applicable to the claim of the defendant Sterling National Bank and Trust Company of New York, the order in its favor should be reversed, with twenty dollars costs and disbursements, and its cross-motion denied, with ten dollars costs.

Present — Martin, P. J., Merrell, Townley, Glennon and Untermyer, JJ.

So much of the order as grants the cross-motion of defendant Sterling National Bank and Trust Company of New York is reversed, with twenty dollars costs and disbursements, and said cross-motion denied, with ten dollars costs. In other respects the order is modified to the extent indicated in opinion, and as so modified affirmed, without costs. Settle order on notice.

FANNIE GREENBERG, Appellant, v. THE CITY OF NEW YORK, Respondent.

Order entered May 3, 1934, reversed, with twenty dollars costs and disbursements, and judgment reinstated. Appeal from order dated May 21, 1934, dismissed. No opinion. Present — Martin, P. J., McAvoy, O'Malley, Townley and Glennon, JJ.; Martin, P. J., dissents and votes for affirmance.

MARTIN, P. J., (dissenting). I am of the opinion that there should be a new trial of this action. The record contains sufficient evidence to warrant the conclusion that the plaintiff has been suffering for years from arthritis. The large verdict is evidently based upon the erroneous assumption that all of plaintiff's ailments were the result of the accident. On a new trial the facts may be developed in a much more satisfactory manner than they are set forth in the present record. I, therefore, vote to affirm.